**\*\* E-filed May 26, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONICA STEMPLEWSKI,<br><br>　　　　Plaintiff,<br>　v.<br>SUNTRUST MORTGAGE, INC. and DOES 1–10,<br><br>　　　　Defendants.<br>　_____/ | No. C 10-01507 HRL<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS AND (2) CONTINUING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>**[Re: Docket No. 5]** |

Plaintiff Monica Stemplewski sought to modify her home mortgage with defendant SunTrust Mortgage, Inc. ("SunTrust"). When that effort failed and SunTrust instigated foreclosure proceedings, she sued SunTrust in state court, alleging five claims: (1) breach of contract, (2) fraud, (3) negligence, (4) intentional tort, and (5) violation of the California Foreclosure Prevention Act ("CFPA"). SunTrust, a Virginia citizen, timely removed the case to federal court on the basis of diversity jurisdiction. SunTrust now moves to dismiss plaintiff's complaint for failure to state a claim. Plaintiff opposes the motion. Upon consideration of the motion papers and the arguments presented at the hearing, the court GRANTS defendant's motion.[1]

## LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As such, only plausible claims for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

## DISCUSSION

### A. Requests for Judicial Notice

As an initial matter, both parties request that this court take judicial notice of various documents. A court may take judicial notice of facts that are not subject to reasonable dispute. Fed. R. Evid. 201. Such facts include matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), and legislative history, *Hunt v. Check Recovery Sys., Inc.*, 478 F. Supp. 2d 1157, 1160 (N.D. Cal. 2007).

The court grants SunTrust's request for judicial notice of documents recorded in the Office of the Santa Clara County Recorder. (Def. Req. for Judicial Notice Exs. 1–4.) The court also takes judicial notice of the legislative history of California Senate Bill 1137. (Pl. Req. for Judicial Notice Exs. 7–8.) However, the court declines to take judicial notice of communications between plaintiff and SunTrust because these documents are subject to reasonable dispute. (*Id.* at Exs. 1–6.)

### B. Motion to Dismiss

SunTrust's primary argument in favor of dismissal is that plaintiff's complaint utterly fails to meet federal pleading standards. It further asserts that even in absence of this critical error, each of plaintiff's claims suffer from other defects that cannot withstand a motion to dismiss. Stemplewski counters that she has properly stated each of her claims, and provides additional information about each claim in her opposing brief.

A review of plaintiff's complaint supports SunTrust's assertion. Certainly, one would not expect a plaintiff filing in state court to meet federal pleading standards. Nonetheless, plaintiff's form complaint fails to allege sufficient facts that would allow this court to reasonably infer that SunTrust is liable to plaintiff as alleged. *Iqbal*, 129 S. Ct. at 1949. For instance, Stemplewski's breach of contract claim asserts that the parties had an implied contract that required SunTrust to

make a good faith effort to modify her mortgage. Yet she fails to allege the conduct that allegedly created such a contract. *See* Cal. Civ. Code § 1621 ("An implied contract is one, the existence and terms of which are manifested by conduct."). Her fraud claim asserts that SunTrust made false statements to her, but fails to allege what was said, when it was said, and how she was mislead. *See* Fed. R. Civ. P. 9(b) (requiring fraud to be pled with particularity). Her claims for negligence and intentional tort similarly lack facts that would give SunTrust sufficient notice of her allegations, and her claim of a violation of the CFPA cuts off mid-sentence without providing any facts whatsoever. (Compl.) Indeed, plaintiff's complaint does no more than include "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 129 S. Ct. at 1950 (2009).

Plaintiff tries to cure these deficiencies by providing more information about her claims in her opposition brief. A court cannot, however, look to a plaintiff's opposition when determining the propriety of a motion to dismiss for failure to state a claim. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). In addition, at times her opposition contradicts the claims in her complaint. For example, plaintiff's complaint alleges a violation of the CFPA, Cal. Civ. Code § 2923.52(a), but repeatedly refers to section 2923.5 in her opposition. As defendants correctly note, section 2923.5—which was enacted through Senate Bill 1137—is not part of the CFPA. *See* Cal Civ. Code § 2923.5 (showing that section 2923.5 was enacted a year before the CFPA). Accordingly, the court finds that plaintiff's complaint, as filed in state court, fails to state claims upon which relief may be granted in federal court.

While the court cannot consider Stemplewski's opposition to determine whether her complaint states a claim, it may consider it for purposes of determining whether to grant plaintiff leave to amend. *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137–38 (9th Cir. 2001). "Complaints may not be dismissed with prejudice unless the allegations of the complaint make clear that plaintiff cannot state a claim." *Id.* at 1137. The court finds that with one exception, plaintiff's opposition does not foreclose the possibility that she may be able to state a claim upon amendment of her complaint.[2]

///

---

[2] The court observes, however, that several of the defendant's other grounds for dismissal appear sound. Stemplewski would need to address those issues to have success in any amended complaint.

3

The exception lies with plaintiff's intentional tort claim.  Plaintiff's complaint and opposition brief allege conversion on the basis that SunTrust could not conduct foreclosure proceedings without possession of the original note.  (*See* Compl.; Opp'n 9.)  Yet in California, "[i]t is well-established that non-judicial foreclosures can be commenced without producing the original promissory note." *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009); *see also Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). "California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust . . . .  Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process.  Production of the original note is not required to proceed with a non-judicial foreclosure." *Pagtalunan v. Reunion Mortgage Inc.*, No. 09-00162, 2009 WL 961995, at *1 (N.D. Cal. 2009) (internal citations omitted).  Stemplewski provides no other basis for her intentional tort claim.  Thus, the court finds that any attempt to amend this claim would be futile.

## CONCLUSION

Based on the foregoing:

1. Defendant's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to plaintiff's intentional tort claim.

2. Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to plaintiff's breach of contract, fraud, negligence, and violation of the California Foreclosure Prevention Act claims.

3. Plaintiff may file a First Amended Complaint within fourteen days of this order.

4. The Initial Case Management Conference is CONTINUED to July 20, 2010 at 1:30 p.m. The parties shall file a Joint Case Management Statement by July 13, 2010.

**IT IS SO ORDERED.**

Dated: May 26, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C 10-01507 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Erik Wayne Kemp | ek@severson.com, ano@severson.com, klm@severson.com |
| John B. Sullivan | jbs@severson.com |
| Jonathan Fried | jon.fried@yahoo.com |
| Mary Kate Sullivan | mks@severson.com, adt@severson.com, klm@severson.com, vhn@severson.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**