** E-filed August 11, 2010 **

1

2

3

4

5

6

7                              NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11   MONICA STEMPLEWSKI,                    No. C10-01507 HRL

12              Plaintiff,                  **ORDER GRANTING SUNTRUST'S
                                            MOTION TO DISMISS FOR FAILURE
13        v.                                TO PROSECUTE**

14   SUNTRUST MORTGAGE, INC., and           **[Re: Docket No. 14]**
     DOES 1 to 10,
15
                Defendants.
16   _____/

17        Plaintiff Monica Stemplewski ("Stemplewski") sought to modify her home mortgage with

18   defendant SunTrust Mortgage, Inc. ("SunTrust").  When that effort failed and SunTrust instigated

19   foreclosure proceedings, she sued SunTrust in for: (1) breach of contract, (2) fraud, (3) negligence,

20   (4) intentional tort, and (5) violation of the California Foreclosure Prevention Act.  SunTrust

21   thereafter removed the action to federal court on diversity grounds.

22        Previously, on May 26, this Court dismissed Stemplewski's complaint with prejudice as to

23   her intentional tort claim and without prejudice as to the rest of her claims.  (Docket No. 13.)  The

24   Court gave her leave to file a First Amended Complaint within fourteen days of the order (or by

25   June 9).  (*Id.*)

26        On June 14, nineteen days after the Court's order, SunTrust's counsel, Eric Kemp, sent an

27   email to Stemplewski's counsel, Jon Fried, informing him that Stemplewski had missed the deadline

28   for filing an amended complaint.  (Docket No. 15, Ex. A.)  Kemp wrote that SunTrust did not want

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

to incur attorney's fees preparing a motion to dismiss if an amended complaint was going to be filed (even if late), but it would do so if no amended complaint was filed by June 18. (*Id.*)  Fried replied to Kemp and stated that an amended complaint would be filed by then.  (*Id.*, Ex. B.)

Despite Fried's representation, an amended complaint was never filed, and so on July 2 SunTrust filed a motion to dismiss for failure to prosecute.  Stemplewski never filed an opposition to SunTrust's motion, nor did she or her counsel appear at the August 10 hearing.  And she has still not filed an amended complaint.  As described below, the Court grants SunTrust's motion.[1]

## DISCUSSION

Rule 41(b) authorizes a defendant to move for dismissal "[f]or failure of the plaintiff to prosecute or to comply with these rules of any order of court."  FED. R. CIV. P. 41(b).  In order to involuntarily dismiss under FRCP 41(b), "the court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives.'"  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); additional internal citations omitted).  Generally, the court should make explicit findings regarding each factor before dismissing an action.  *See Cannon Partners, Ltd. v. Cape Code Biolab Corp.*, 225 F.R.D. 247, 251 (N.D. Cal. 2003) (citing *Ferdik*, 963 F.2d at 1261).  Dismissal is proper "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal."  *Yourish*, 191 F.3d at 990 (quoting *Ferdik*, 963 F.2d at 1263).

The first two factors strongly favor dismissal.  Not prosecuting a case is the opposite of expeditious resolution of litigation.  And by not filing an amended complaint within the time allowed by the Court's order, the action has come to a complete halt and Stemplewski has taken control of the pace of the Court's docket.  *See Yourish*, 191 F.3d at 990.

The third factor also strongly supports dismissal.  There is a rebuttable presumption of prejudice to a defendant from an unreasonable delay or the unexplained failure to prosecute.

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

*Hernandez v. City of El Monte*, 138 F.3d 393, 400-01 (9th Cir. 1998) (citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).  The delay here is definitely unreasonable as Stemplewski still has not filed any amended complaint, and she obviously has not rebutted the presumption of prejudice since she has not filed anything.

The fourth factor arguably does not support dismissal, since the Court would not necessarily be disposing of the case on its merits.  Stemplewski might be able to amend her claims to survive a motion to dismiss.  However, this Court already dismissed her original complaint because it did not state any claims upon which relief could be granted.

The fifth factor supports dismissal.  This Court does not see any other less drastic alternatives available.  She has not filed an amended complaint, and the Court cannot compel her to do so.

## CONCLUSION

Based on the foregoing, the Court GRANTS Suntrust's motion and DISMISSES WITH PREJUDICE all of Stemplewski's claims.

**IT IS SO ORDERED.**

Dated: August 11, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**C10-01507 HRL** Notice will be electronically mailed to:

| | |
|---|---|
| Erik Wayne Kemp | ek@severson.com, ano@severson.com, klm@severson.com |
| John B. Sullivan | jbs@severson.com, klm@severson.com |
| Jonathan Fried | jon.fried@yahoo.com |
| Mary Kate Sullivan | mks@severson.com, vhn@severson.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4